1  Daniel D. Geoulla, Esq. (SBN: 255800)
2  daniel@bdinjurylawgroup.com
   Mahsa Farid, Esq. (SBN: 288402)
3  mahsa@bdinjurylawgroup.com
4  **B & D LAW GROUP, APLC**
   10700 Santa Monica Blvd., Suite 200
5  Los Angeles, California 90025
   Telephone:   (310) 424-5252
6  Facsimile:    (310) 492-5855
7  Attorneys for *Plaintiff*,
   MONICA CORTES
8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | MONICA CORTES, | **Case No.:  2:22–cv–08821–FMO–RAO** |

13 |          Plaintiff, |

14 |     vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO FILE FIRST AMENDED COMPLAINT AND REMAND CASE TO THE LOS ANGELES SUPERIOR COURT** |

15

16 | COSTCO WHOLESALE CORPORATION; and DOES 1 to 100, inclusive, |

17

18 |          Defendants. | Hearing Date: February 9, 2023
   Time: 10:00 a.m.
   Location: Courtroom 6D |

19

20 | | Trial Date:  not yet set |

21 **TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF**

22 **RECORD:**

23        NOTICE IS HEREBY GIVEN that on February 9, 2023, at 10:00 a.m. in

24 Courtroom 6D or as soon thereafter as counsel may be heard by the above-entitled

25 Court, located at United States District Court, Central District of California, Los

26 Angeles, California 90012, Plaintiff Monica Cortes will and hereby does move this

27 Court for:

28 ///

1.    Leave to file a First Amended Complaint, under FRCP Rule 15(a), which corrects Costco Store Employee, Daisy Doe to Daisy Montez, in the instant action; and

2.    To enter an order remanding this case to the Superior Court of Los Angeles for the State of California under 28 U.S.C. § 1447(e) on the following grounds:

    a.    There is no complete diversity of citizenship between plaintiff and defendants in this case. Plaintiff is a citizen of California. Defendant Daisy Doe is also a citizen of the same state;

    b.    Defendants' conduct, or lack thereof, caused Plaintiff's injuries; and;

    c.    Because there is not complete diversity of citizenship between plaintiff and defendants, this Court lacks jurisdiction and the case must be remanded.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 4 and 5, 2023.

Plaintiff's motion is based on the attached memorandum of points and authorities, the declaration of Mahsa Farid, Esq. and attached exhibits, the pleadings, documents, records and files in this action, and such oral and documentary evidence and argument which may be presented at the hearing on the motion.

DATED:  January 5, 2023        **B & D LAW GROUP APLC**

By:

    Daniel Geoulla, Esq.
    Mahsa Farid, Esq.
    Attorneys for Plaintiff,
    MONICA CORTES
    E-mail:    daniel@bdinjurylawgroup.com
          mahsa@bdinjurylawgroup.com

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

This is a premises liability case in which Plaintiff Monica Cortes ("Plaintiff") slipped and fell at Defendant Costco Wholesale Corporation's ("Costco") location as a result of liquid on the floor and defendants' failure to properly remove, alleviate, remedy and/or warn of the dangerous condition.  Plaintiff was injured at the Costco branch located at 2640 Lomita Blvd., Torrance, CA 90505.  On December 5, 2022, Plaintiff filed an action in state court in Los Angeles County against Costco, Daisy Doe and Does 1-100, including identifying Doe defendants who were "the agents or employees of named defendants and acted within the scope of that agency or employment" and "persons whose capacities are unknown to plaintiff." (Farid Decl., Ex. 1, Complaint, p. 2.) The complaint includes an allegation that all defendants, including Does, "negligently owned, maintained, managed and operated the described premises." (Ex. 1, Complaint, p. 4, at Prem.L-2.)

Defendant Daisy Doe was an employee of Costco on the date of the incident and is captured with her Costco identification badge in nearly all of the photographs from the scene of the incident.  (Farid Decl., Ex. 2.)  Prior to filing suit, Plaintiff made multiple visits to the Costco location inquiring for the name and address of the manager of the Costco store where Plaintiff's injuries occurred at the time of the incident and the full identity of Defendant Daisy to no avail by other Costco employees.

On December 7, 2022, prior to filing an answer, Costco removed this Action to federal court pursuant to 28 U.S.C. ¶ 1332(a) on the basis that all the amount in controversy exceeds the sum of $75,000 and the dispute is between citizens of different States. (ECF No. 1 – [notice of removal].)  Costco immediately removed this matter federal court in order to avoid discovery to be conducted by Plaintiff to identify, by providing the name and last known address and telephone number, of

1    Daisy Doe and other managers of the Costco warehouse where Plaintiff was injured as
2    of August 13, 2020.

3         At the time Costco removed this Action to District Court, it was aware the
4    Complaint includes allegations against all defendants, including Does defendants, who
5    managed and operated the premises in question, and more significantly, it was aware
6    of the name and address of Daisy Doe, the branch manager who was involved in
7    managing and operating the premises in question on the date Plaintiff was injured.

8         While Costco eventually identified Defendant Daisy Doe as Daisy Montez
9    ("Montez") and has now agreed to stipulate for Plaintiff to amend her complaint to
10   identify Daisy Doe as Daisy Montez, it has not provided Plaintiff with Montez's last
11   known address. (Farid Decl., Ex. 3 and 4.)

12        Costco removed this action to the United States District Court Central District
13   of California on the basis of diversity jurisdiction.  Costco claims without any regard
14   to the allegations in Plaintiff's complaint, as well as its own knowledge of Daisy Doe
15   aka Daisy Montez's identity that "no one by that name was employed by Costco in
16   any capacity on August 13, 2020." (ECF No. 1 – [notice of removal, p.2].)
17   Furthermore, Costco's claims that Plaintiff, naming Daisy Doe in the complaint "is
18   improper and constitutes a fraudulent joinder." (ECF No. 1 – [notice of removal, p.2].)
19   Lastly, Costco acknowledges that it cannot determine "whether the amount in
20   controversy exceeded $75,000," however, it is loosely bases this claim on Plaintiff's
21   statement of damages, which has no basis to be the determining factor of the amount
22   in controversy as Costco, to date, as not conducted any investigation or discovery as
23   to Plaintiff's special damages.

24        Therefore, this action should be remanded to the state court because this Court
25   lacks subject matter jurisdiction.  Costco's removal was improper because there is not
26   complete diversity.  Daisy Montez is a California resident and proper party to this suit.
27   ///
28   ///

**2**
**PLAINTIFF'S MOTION TO AMEND AND REMAND**

## II.    **LEGAL STANDARD**

### A.    **Leave To Amend And Joinder Of Non-Diverse Defendant**

Rule 15(a)(2) allows a party to amend its pleading with the court's leave, providing that "the court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). This policy should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Generally, a court will grant the motion unless the opposing party can substantially show one of the *Forman* factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, undue prejudice is the most important, and the burden is on the opposing party to show prejudice. *Eminence v. Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Costco has already agreed to stipulate for leave for Plaintiff to file a First Amended Complaint, substituting Daisy Doe on the complaint to Daisy Montez. (Farid Decl., Ex. 3 and 4.)  Therefore, this Court should grant Plaintiff's request for Leave to File a First Amended Complaint as to Daisy Montez.

### B.    **Remand to State Court**

A motion to remand is the procedural means to challenge removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden is on the removing party to demonstrate that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the

case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.; Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

A " 'remand must be granted' unless a defendant demonstrates that it is *impossible* for a plaintiff to prevail on any cause of action against the resident defendant." *Cota v. United Parcel Service, Inc.*, 2:19-cv-01524-VAP-AFMx, 2019 WL 3298778, at *1 (C.D. Cal., July 22, 2019) (quoting *Padilla v. AT&T*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added). So long as there is a "non-fanciful possibility that plaintiff can state a claim under [state] law against the nondiverse defendants," their joinder is not deemed fraudulent. *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012). A defendant who claims that a joinder is fraudulent must demonstrate this "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). Thus, a defendant has the "burden of establishing that a plaintiff is not capable of amending the complaint to state a valid claim. *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016).

///

### III.   THIS ACTION SHOULD BE REMANDED TO STATE COURT BECAUSE THERE IS NO DIVERSITY OF CITIZENSHIP

This case should be ramanded, and should have never been removed, because this Court lacks diversity jurisdiction. (28 U.S.C. section 144(b) (civil action may be removed to federal court where complete diversity between the parties and the amount in controversy exceeds $75,000).)[1]

Diversity jurisdiction only exists if there is complete diversity of citizenship among all parties. (*Colon Muntaner v. Chart House Enterprises of Puerto Rico* (D. Puerto Rico 1993) 848 F.Supp. 314, 315.) Diversity of citizenship is destroyed if any defendant is a citizen of the same state as any plaintiff. (*Owen Equipment & Erection Co. v. Kroger* (1978) 437 U.S. 365, 378.)

In this case, Plaintiff Monica Cortes is a citizen of the State of California, as is defendant Daisy Montez.

Costco claims in its notice of removal that this action was removable because no one by the name of Daisy Doe "was employed by Costco in any capacity on August 13, 2020." (ECF No. 1 – [notice of removal, p.2].)  Furthermore, Costco's claims that Plaintiff, naming Daisy Doe in the complaint "is improper and constitutes a fraudulent joinder." (ECF No. 1 – [notice of removal, p.2].)   As previously discussed, Costco not only knew the identity of Daisy Doe but it filed the notice for removal despite having this information and having full knowledge that Montez is a resident of California.  Costco also kept this information from Plaintiff until recently when her full name was disclosed.  Additionally, Costco has also agreed to stipulate for Leave to File Amended Complaint subsituting Daisy Doe's name on the complaint to Daisy Montez.

---

[1] Costco must even prove by a preponderance of evidence that the amount in controversy exceeds $75,000. (*Singer v. State Farm Mut. Auto. Ins. Co.* (1996) 116 F.3d 373, *Singer v. State Farm Mut. Auto. Ins.* Co. (1996) 116 F.3d 373, 376.)

1      Furthermore, *Sandoval v. Republic Servs., Inc.*, 2018 WL 1989528, at *3 (C.D.

2  Cal. Apr. 24, 2018) made a clear holding that courts should consider Doe Defendants'

3  citizenship especially "when a named defendant knew or should have known the

4  fictitious defendant's identity because that defendant *employed* the fictitiously named

5  defendant."); *Collins v. Garfield Beach CVS*, LLC, 2017 WL 2734708, at *2 (C.D.

6  Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the

7  identity of the fictitious defendant by specifically referring to an individual who acted

8  as a company's agent, the court <u>should</u> consider the citizenship of the fictitious

9  defendant.") (citing *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D.

10  Ala. 1995)); *c.f. Gardiner Family*, 147 F. Supp. 3d at 1036 (declining to consider Doe

11  Defendant's citizenship because "the charges against the Does are so general that no

12  clues exist as to their identity, citizenship, or relationship to the action").

13      Therefore, Costco cannot meet the burden required to prove a fraudulent joinder

14  and this action must be remanded to state court because complete diversity does not

15  exist and the Court lacks subject matter jurisdiction over this action.

16  **IV.    <u>THIS ACTION MUST BE REMANDED BECAUSE THIS COURT</u>**

17  **<u>LACKS SUBJECT MATTER JURISDICTION</u>**

18      "If at any time before final judgment it appears that the district court lacks

19  subject matter jurisdiction, the case shall be remanded." (28 U.S.C. section 1447(c)

20  (emphasis added).) Removal is allowed only if "none of the parties in interest,

21  properly joined and served as defendants is a citizen of the State in which such action

22  is brought." (28 U.S.C. section *Republic Western Ins. v. International Ins*. (N.D. Cal.

23  1991) 765 F.Supp. 628 1441 does not exist. Therefore, this Court lacks subject matter

24  jurisdiction over this action, and it must be remanded to state court.

25  ///

26  ///

27  ///

28  ///

**6**

**PLAINTIFF'S MOTION TO AMEND AND REMAND**

## V. <u>DISTRICT COURTS HAVE ROUTINELY GRANTED THE INSTANT RELIEF AGAINST COSTCO AND OTHER SIMILARLY SITUATED DEFENDANTS</u>

Naming a store employee, manager or supervisor as a defendant in a premises liability or negligence action is not uncommon. There are multiple cases against specifically Costco where this same issue arose and Courts ruled in favor of permitting the joinder of the store manager and remanding the action to state court.

In *Wright v. Costco Wholesale Corp.*, No. 220CV02653RGKPJW, 2020 WL 2747234, (C.D. Cal. May 27, 2020), Plaintiff filed a motion for leave to file a first amended complaint to name Costco's store manager and maintenance supervisor, both of whom were California citizens, as defendants and to remand the action to state court. *Wright v. Costco Wholesale Corp.*, No. 220CV02653RGKPJW, 2020 WL 2747234, at *1 (C.D. Cal. May 27, 2020). Costco argued that the proposed amended complaint does not allege any facts against the store manager and maintenance supervisor asserting liability outside of that covered under *respondeat superior*, and claimed that Plaintiff was seeking to add the parties for purposes of destroying diversity jurisdiction. *Id.*, at 2. The District Court noted that Costco was unable to demonstrate that the proposed claims against the store manager and maintenance supervisor are invalid, or that the individuals would otherwise be sham defendants. *Ibid.* The District Court further found that Costco was unable to demonstrate any indication of prejudice. *Ibid.* The Court found leave to amend was proper, and accordingly remanded the action to state court. *Ibid.*

In *Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250 DMG (GJSx), 2020 WL 2945514 (C.D. Cal. June 2, 2020), Plaintiff filed a lawsuit against Costco and the store manager, Russell Lee, alleging that each defendant negligently owned, maintained, managed, and operated the store premises where the slip and fall occurred. *Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250 DMG (GJSx), 2020 WL 2945514, *1 (C.D. Cal. June 2, 2020). Defendants removed the action, alleging

1   the Court had diversity jurisdiction because Plaintiff is a citizen of California, Costco
2   is a citizen of Minnesota, and that the citizenship of Lee should be disregarded
3   because Defendants alleged that he was fraudulently joined. *Ibid.* Plaintiff filed a
4   motion to remand, alleging no diversity jurisdiction exists and that the removal was
5   untimely. *Ibid.* The Court found that while the removal was timely, Costco did not
6   carry its burden to demonstrate that Lee was fraudulently joined and therefore, Lee's
7   citizenship must be considered for jurisdictional purposes. *Id.*, at * 4. In reaching its
8   conclusion regarding Costco's allegations of fraudulent joinder, the Court considered
9   the following issues. First, the Court noted that "Plaintiff's intentions do not factor
10  into the fraudulent joinder analysis. As a rule, the fraudulent joinder analysis 'does not
11  implicate a plaintiff's subjective intent' in bringing suit against a non-diverse
12  defendant." *Id.*, at * 3, citing *Rangel v. Bridgestone Retail Operations, LLC*, 200 F.
13  Supp.3d 1024, 1030 (C.D. Cal. 2016). Second, the Court found that Plaintiff asserted
14  a colorable claim against Lee by alleging that defendants breached the duty to keep
15  the premises safe and caused Plaintiff's injuries. *Ibid.* In response to Costco's claim
16  that plaintiff failed to state a cause of action against Lee as an individual because the
17  complaint repeated allegations against "Defendants" generally, the Court noted that
18  the complaint alleges that " 'each' Defendant was negligent in creating the conditions
19  in which she fell." *Ibid.* It is plausible that defendants' conduct is intertwined. *Ibid.*
20  Therefore, the Court found that Defendant failed to carry its burden to show "no
21  possibility that plaintiff could prevail on any cause of action it brought against the
22  non-diverse defendant." *Id.*, at *4, citing *Rivas v. Target Corp.*, No. ED CV19-905-
23  DMG (SPx), 2019 WL 3237375, at *2 (C.D. Cal. July 18, 2019).

24      In *Franco v. Costco Wholesale Corp.*, No. CV187586MWFAFMX, 2018 WL
25  6333674 (C.D. Cal. Oct. 30, 2018), the plaintiff filed a motion for leave to file an
26  amended complaint to join the manager of the Costco in question, as Doe 1, and
27  remand the case back to state court for lack of diversity jurisdiction. *Franco v. Costco*
28  *Wholesale Corp.*, No. CV187586MWFAFMX, 2018 WL 6333674, at *1-2 (C.D. Cal.

**8**

Oct. 30, 2018). The Court found that five of the six factors it needs to consider weigh in favor of granting the request. *Id.*, at *1. Regarding Costco's argument that the store manager was not an indispensable party because Costco will be vicariously liable for any acts of negligence by her, the Court stated that Plaintiff's proposed amendment adequately alleges that the store manager is negligent for her role in failing to keep Costco's premises reasonably safe. *Id.*, at 2. The Court further noted that "[t]he fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [the store manager] supports Plaintiff's argument that [the store manager] is a necessary part to this action, and not merely tangentially related." *Ibid. Esquibel v. Costco Wholesale Corp.*, No. 220CV03578RGKAGR, 2020 WL 4201191, at *4 (C.D. Cal. July 21, 2020).

Other decisions in this District that are also persuasive and have followed the same approach in permitting the filing of an amended complaint to add an employee and granting a motion to remand the action back to state court. *See, e.g., Thomas v. WalMart Stores, Inc.*, 2018 WL 3046967; *Trujillo v. Target Corp.*, 2017 WL 4864490 (C.D. Cal. Oct. 26, 2017);  *Revay v. Home Depot U.S.A., Inc.*, 2015 WL 1285287 (C.D. Cal. Mar. 19, 2015); *Quizon v. Target*, 2017 WL 5897368 (C.D. Cal. Nov. 28, 2017).

## VI.   PLAINTIFF SHOULD BE PERMITTED TO FILE A FIRST AMENDED COMPLAINT

In August 2020, Plaintiff filed an action in state court against Costco, Daisy Doe and Does 1-100, which included allegations that all defendants, including Does, "negligently owned, maintained, managed and operated the described premises." Thereafter, Plaintiff made multiple requests to Costco to obtain the name and address of Daisy, the employee of the Costco store in question at the time Plaintiff was injured. However, Costco failed to promptly provide this information until January 5, 2023 when Daisy's full name as Daisy Montez was first disclosed to Plaintiff.

///

**9**

**PLAINTIFF'S MOTION TO AMEND AND REMAND**

Furthermore, Costco has agreed to stipulate for leave for Plaintiff to file a First Amended Complaint, substituting Daisy Doe to Daisy Montez on the complaint. (Farid Decl., Ex. 3 and 4.)  These facts bolster the presumption in favor of amending under Rule 15(a), and Costco cannot offer any compelling facts to rebut the presumptions, particularly with regard to prejudice. Additionally, all six factors that Courts normally consider when deciding whether to grant leave to amend to join a non-diverse defendant weight in favor of granting the instant motion.

## VII.  THE COURT SHOULD REMAND THE INSTANT ACTION TO STATE COURT BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION BASED ON DIVERSITY

Assuming *arguendo* that this Court will grant Plaintiff's Motion for Leave to File First Amended Complaint, diversity of jurisdiction will not exist because at least two parties to the action will be citizens of California. In addition to Plaintiff, who is a citizen of California, Montez is also believed to be a citizen of California based on information recently produced by Costco. 28 U.S.C. § 1447(c) states in relevant part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## VIII.  CONCLUSION

Plaintiff respectfully requests that this Court grant the instant Motion for Leave to File Amended Complaint to substitute Montez in place of Daisy Doe defendant, and thereafter remand this action to state court because the parties to this action are not diverse in citizenship as required by 28 U.S.C. § 1332(a).

DATED:  January 5, 2023        **B & D LAW GROUP APLC**

By: _____
     Daniel Geoulla, Esq.
     Mahsa Farid, Esq.
     Attorneys for Plaintiff,
     MONICA CORTES

## DECLARATION OF MAHSA FARID, ESQ.

I, Mahsa Farid, Esq., declare that:

1.      I am an attorney at law, admitted to practice in California. I am a partner at B&D Law Group, APLC, counsel of record for Plaintiff MONICA CORTES. I have personal knowledge of the facts contained herein and if called as a witness, I could and would competently testify thereto.

2.      Attached hereto as *Exhibit 1* is a true and correct copy of Plaintiff's complaint, filed August 1, 2022.

3.      Attached hereto as *Exhibit 2* are true and correct copies of photographs of Defendant Daisy Doe an employee of Costco on the date of the incident, who is captured with her Costco identification badge from the scene of the incident.

4.      Attached hereto as *Exhibit 3* is a true and correct copy of e-mail correspondence from counsel for Defendants identifying Daisy Montez as Defendant Daisy Doe.

5.      Attached hereto as *Exhibit 4* are true and correct copy of the e-mails between counsel for the parties confirming their agreement to stipulate for Plaintiff to amend her complaint.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 6th day of January 2022, at Los Angeles, California.

_____
Mahsa Farid, Esq.

**11**
**PLAINTIFF'S MOTION TO AMEND AND REMAND**

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 08/01/2022 07:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-08821-FMO-RAO   Document 20-7   Filed 01/06/23   Page 15 of 32   Page ID #:40

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel D. Geoulla, Esq., SBN: 255800<br>B & D LAW GROUP, APLC.<br>10700 Santa Monica Blvd., Suite 200<br>Los Angeles, CA 90025<br>TELEPHONE NO: (310)424-5252   FAX NO. (Optional): (310)492-5855<br>E-MAIL ADDRESS (Optional): daniel@bdinjurylawgroup.com<br>ATTORNEY FOR (Name): Plaintiff, Monica Cortes | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles - Central District
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Monica Cortes

DEFENDANT: Costco Wholesale; Costco Wholesale Corporation; Daisy Doe; and Does 1 to 100, inclusive

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death |
|---|
| ☐ AMENDED (Number):<br>Type (check all that apply):<br>☐ MOTOR VEHICLE   ☒ OTHER (specify):Premises Liability<br>☐ Property Damage   ☐ Wrongful Death<br>☒ Personal Injury   ☒ Other Damages (specify): According to Proof At Trial |

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded   ☐ does not exceed $10,000<br>    ☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>    ☐ from limited to unlimited<br>    ☐ from unlimited to limited | 22STCV24797 |

1. Plaintiff (name or names): Monica Cortes
   alleges causes of action against defendant (name or names):
   Costco Wholesale; Costco Wholesale Corporation; Daisy Doe; and Does 1 to 100, inclusive.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Monica Cortes v. Costco Wholesale, et al. | |

4. ☐ Plaintiff (name):

   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Costco Wholesale
      (1) ☒ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, are agents, owners, managers, partners, joint-venturers, employers, successors, and/or alter-egos of one another and/or are in some other way liable for the events and happenings alleged herein. A unity of interests exists among defendants and to adhere to the fiction of their separate existence would sanction a fraud and promote injustice.

   b. ☒ except defendant (name): Costco Wholesale Corporation
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): DOES 1 through 50    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): DOES 51 through 100    are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Monica Cortes v. Costco Wholesale, et al. | |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other (specify):

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage (specify): According to Proof

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.
   Plaintiff's Damages and Demand for Relief exceeds $25,000.00.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
   5, 6, 8, L1-L5, GN-1

Date: 7/7/2022

Daniel D. Geoulla, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**PLD-PI-001(4)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Monica Cortes v. Costco Wholesale, et al. | |

First _____  **CAUSE OF ACTION—Premises Liability**  Page  __4 of 5__
    **(number)**

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: Monica Cortes
    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
    On *(date)*:  or about 8/13/2020  plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
Plaintiff was lawfully on Defendants' premises, located at or about 2640 Lomita Blvd., Torrance, CA 90505, when suddenly and without notice, Plaintiff slipped and fell on an unknown liquid substance that presented a dangerous condition.  Defendants breached their duty to Plaintiff by failing to address, alleviate, remove and/or remedy the dangerous condition on Defendants' premises, and by failing to warn their customers, including Plaintiff, of the presence of such a dangerous condition, despite having adequate time and notice to do so.  This conduct by Defendants, and each of them, caused Plaintiff to suffer severe injuries for which she received reasonable and necessary medical care and treatment.

Prem.L-2.   [X]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
Costco Wholesale; Costco Wholesale Corporation; Daisy Doe; and Does 1 to 100, inclusive.

Prem.L-3.   [ ]   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

    [ ] Does _____ to _____

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.   [ ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:
Costco Wholesale; Costco Wholesale Corporation; Daisy Doe; and Does 1 to 100, inclusive.

    [ ] Does _____ to _____
    a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
    b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:
Costco Wholesale; Costco Wholesale Corporation; Daisy Doe; and Does 1 to 100, inclusive.

    b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
    [ ] described in attachment Prem.L-5.b [X] as follows *(names)*: Defendants have failed to adequately disclose information and thus the true names and identities of Does 1 through 100 are presently unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each such Defendant is in some way responsible and liable for the events or happenings alleged in this Complaint.

Page 1 of 1

**CAUSE OF ACTION—Premises Liability**

PLD-PI-001(2)

| SHORT TITLE:<br>Monica Cortes v. Costco Wholesale, et al. | CASE NUMBER: |
|---|---|

<u>Second</u>            **CAUSE OF ACTION—General Negligence**     Page   <u>5 of 5</u>
      (number)

ATTACHMENT TO [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Monica Cortes

       alleges that defendant *(name):* Costco Wholesale; Costco Wholesale Corporation; Daisy Doe; and
                 Does 1 to 100, inclusive.

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*: or about 8/13/2020
at *(place)*: or about: 2640 Lomita Blvd., Torrance, CA 90505

*(description of reasons for liability):*

1) Defendants so negligently owned, operated, maintained, entrusted, and/or controlled the subject premises.

2) Defendants owed Plaintiff a legal duty or duties. Defendants breached their duty or duties to Plaintiff.

3) As a result, Defendants actually and proximately caused the Plaintiff personal injuries and damages in an amount according to proof at trial.

4) Plaintiff is further informed and belives and thereon alleges that Defendants were subject to and violated, ADA, California Health & Safety Codes, building codes, and/or ordinances and these violations actually and legally caused Plaintiff's damages, the occurrence resulting in the damages was of a nature that the regulation was designed to prevent and Plaintiff was among the class of persons for whose protection the regulation was adopted for.

5) By reason of the foregoing, Defendants, and each of them, are liable for, and Plaintiff is entitled to recover, Plaintiff's general, special, actual, and compensatory damages, including but not limited to, Plaintiff's necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional, and physical pain and suffering, in an amount according to proof at trial.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]           **CAUSE OF ACTION—General Negligence**           Code of Civil Procedure 425.12
www.courtinfo.ca.gov

# EXHIBIT 2







# EXHIBIT 3

 Gmail

**Mahsa Farid <mf.bdlawgroup@gmail.com>**

---

## 2:22-cv-08821-FMO-RAO Monica Cortes v. Costco Wholesale Corporation et al Initial Order Setting R26 Scheduling Conference - form only

---

**James Morse** <jmorse@pdattorneys.com>
To: "Mahsa Farid, Esq." <mahsa@bdinjurylawgroup.com>

Thu, Jan 5, 2023 at 5:06 PM

Mahsa,   It is late in the day.  In case I misspoke, the employee was Daisy **Montez**.


**James S. Morse**

Senior Trial Counsel

**Poliquin & DeGrave, LLP**

22972 Mill Creek Drive

Laguna Hills, CA  92653

**direct line 949 716-1854**

*jmorse@pdattorneys.com*


[Quoted text hidden]

# EXHIBIT 4

 Gmail

**Mahsa Farid <mf.bdlawgroup@gmail.com>**

---

## 2:22-cv-08821-FMO-RAO Monica Cortes v. Costco Wholesale Corporation et al Initial Order Setting R26 Scheduling Conference - form only

---

**Mahsa Farid** <mf.bdlawgroup@gmail.com>                                    Thu, Jan 5, 2023 at 5:19 PM
To: James Morse <jmorse@pdattorneys.com>
Cc: "Mahsa Farid, Esq." <mahsa@bdinjurylawgroup.com>

Jim,

Thank you for confirming the correct name of Costcos employee. Additionally, per our conversation, this confirms that you have agreed to stipulate for plaintiff to amend the complaint correcting defendant Daisy Doe's name to Daisy Montez as confirmed by you.

Thank you.

_____

## Mahsa Farid, Esq.

*Partner | B&D Injury Law Group APLC*

On Jan 5, 2023, at 5:06 PM, James Morse <jmorse@pdattorneys.com> wrote:

[Quoted text hidden]

 Gmail

**Mahsa Farid <mf.bdlawgroup@gmail.com>**

---

## 2:22-cv-08821-FMO-RAO Monica Cortes v. Costco Wholesale Corporation et al Initial Order Setting R26 Scheduling Conference - form only

---

**Mahsa Farid, Esq.** <mahsa@bdinjurylawgroup.com>                              Fri, Jan 6, 2023 at 2:44 PM
To: James Morse <jmorse@pdattorneys.com>

Jim- I seemed to have entered the wrong case # in the original stip. Attached is the correctes stip with the proper case #. No other changes were made. Please review sign and send back to me as soon as possible, thanks.


-----
## **Mahsa Farid, Esq.**
*Partner | B&D Injury Law Group APLC*



**Tel:** (310) 424-5252
**Fax:** (310) 492-5855
10700 Santa Monica Blvd. Suite 200
Los Angeles, CA 90025
www.BDinjury.com

      

---

**CONFIDENTIAL EMAIL TRANSMISSION & WARNING:**
This message contains confidential information and is intended only for the individual named. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you are not the named addressee you should not disseminate, distribute, copy this e-mail, or disclose its contents to anyone. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. The sender does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission, nor does the sender accept liability damage caused by any virus transmitted by this email.

THIS IS EMAIL IS NOT A FORMAL COMMUNICATION. UNLESS OTHERWISE STATED NO COMMUNICATION IN THIS EMAIL SHALL BE BINDING, OR CONTRACTUAL IN NATURE.  I DO NOT GUARANTEE THE ACCURACY OF THE CONTENTS OF THIS EMAIL.  I RESERVE THE RIGHT TO MAKE CHANGES TO THE CONTENTS, AND MEANINGS, OF THIS EMAIL AT ANY TIME IN THE FUTURE.


[Quoted text hidden]

---

📄 **Stip to Amend Complaint-signed.pdf**
321K

Daniel D. Geoulla, Esq. (SBN: 255800)
daniel@bdinjurylawgroup.com
Mahsa Farid, Esq. (SBN: 288402)
mahsa@bdinjurylawgroup.com
**B & D LAW GROUP, APLC**
10700 Santa Monica Blvd., Suite 200
Los Angeles, California 90025
Telephone:   (310) 424-5252
Facsimile:   (310) 492-5855
Attorneys for *Plaintiff*,
MONICA CORTES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MONICA CORTES,

        Plaintiff,

    vs.

COSTCO WHOLESALE
CORPORATION, et al.

      Defendants.

**CASE NO. 2:22−cv−08821−FMO−RAO**

**STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

    WHEREAS Plaintiff was ignorant of the last name of Defendant Costco Wholesale Corporation's employee named "Daisy", who was employed and working at the premises on the date Plaintiff was injured, and therefore named as Daisy Doe on the complaint;

    WHEREAS Plaintiff has now discovered that Daisy's correct name is Daisy Montez;

    THEREFORE, PARTIES HEREBY STIPULATE for Plaintiff to have leave to file a First Amended Complaint substituting Daisy Montez in place of

1

1  Daisy Doe in the complaint in order to amend the complaint to correct the name

2  Daisy Doe to Daisy Montez.

3

4  DATED:  January 5, 2023          **B & D LAW GROUP APLC**

5

6                                  By: _____

7                                      Daniel Geoulla, Esq.
                                       Mahsa Farid, Esq.
8                                      Attorneys for Plaintiff,
                                       MONICA CORTES
9                                      E-mail:   daniel@bdinjurylawgroup.com
10                                               mahsa@bdinjurylawgroup.com

11

12

13

14  DATED:  January 5, 2023          **Poliguin & DeGrave LLP**

15

16                                  By: _____

17                                      James Morse, Esq.
                                       Attorneys for Defendant,
18                                      COSTCO WHOLESALE CORPORATION
                                       E-mail:   jmorse@pdattorneys.com
19

20

21

22

23

24

25

26

27

28

**STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

B & D LAW GROUP, APLC.
10700 SANTA MONICA BOULEVARD  SUITE 200
LOS ANGELES, CALIFORNIA 90025
(310) 424-5252

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )

                               ) ss

COUNTY OF LOS ANGELES  )

       I am employed in the county of Los Angeles, state of California.  I am over the age of 18 and not a party to the within action; my business address is 10700 Santa Monica Blvd., Suite 200, Los Angeles, CA 90025.

       On January 6, 2023, I served the foregoing documents described: **STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

James Morse, Esq.
Poliguin & DeGrave LLP
22972 Mill Creek Drive
Laguan Hills, CA 92653
E-mail:  jmorse@pdattorneys.com

__X__ (BY ELECTRONIC TRANSMISSION). By e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided, during the Coronavirus (Covid-19) pandemic, this office will be using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

_____ (BY MAIL) I caused such envelope to be deposited in the mail at Los Angeles County, California.  The envelope was mailed with postage thereon fully prepaid.

_____ (BY FIRM PRACTICE) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

__X__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X___ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

       Executed on the 6th day of January 2023 at Los Angeles, California.

_____
Mahsa Farid

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

I am employed in the county of Los Angeles, state of California.  I am over the age of 18 and not a party to the within action; my business address is 10700 Santa Monica Blvd., Suite 200, Los Angeles, CA 90025.

On January 6, 2023, I served the foregoing documents described: **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO FILE FIRST AMENDED COMPLAINT AND REMAND CASE TO THE LOS ANGELES SUPERIOR COURT; DECLARATION OF MAHSA FARID, ESQ.; EXHIBITS** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

James Morse, Esq.
Poliguin & DeGrave LLP
22972 Mill Creek Drive
Laguan Hills, CA 92653
E-mail: jmorse@pdattorneys.com

__X__ (BY ELECTRONIC TRANSMISSION). By e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided, during the Coronavirus (Covid-19) pandemic, this office will be using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

_____ (BY MAIL) I caused such envelope to be deposited in the mail at Los Angeles County, California.  The envelope was mailed with postage thereon fully prepaid.

_____ (BY FIRM PRACTICE) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

__X__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on the 6th day of January 2023 at Los Angeles, California.

*mallory christman*
Mallory Christman

B & D LAW GROUP, APLC.
10700 SANTA MONICA BOULEVARD, SUITE 200
LOS ANGELES, CALIFORNIA 90025
(310) 424-5252

**PROOF OF SERVICE**